DILLINGHAM v. T. B. ALLEN & CO. et al.

(Circuit Court of Appeals, Fifth Circuit. May 5, 1913.)

No. 2,361.

APPEAL AND ERROR (§ 1178*)—REVIEW—DISPOSITION OF CAUSE.

    Where, in an action by a receiver for the conversion of certain timber, the court sustained exceptions to a master's report in favor of plaintiff, because plaintiff had failed to prove the market value of the timber by competent evidence, but the record showed the conversion, and there was evidence that plaintiff was damaged as found by the master, though not technically proving the market value, the decree would be reversed, and the cause remanded, with instructions to recommit to the master the question of damages, and to permit further proof by both parties on such issue.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4604–4620; Dec. Dig. § 1178.*]

Appeal from the District Court of the United States for the Southern District of Texas; Waller T. Burns, Judge.

Suit by Charles Dillingham, as receiver of the Houston Oil Company of Texas, against T. B. Allen & Co. and others. From an order sustaining exceptions to a master's report advising judgment for plaintiff, he appeals. Reversed and remanded.

H. O. Head, of Sherman, Tex., and T. M. Kennerly, of Houston, Tex., for appellant.

George H. Terriberry, of New Orleans, La., for appellees.

Before PARDEE and SHELBY, Circuit Judges, and FOSTER, District Judge

FOSTER, District Judge. The receiver of the Houston Oil Company of Texas filed suit against T. B. Allen & Co. and others to recover 282 acres of land and the value of certain timber cut from it. The matter was referred to a special master, who in due course recommended a judgment in favor of the plaintiff for the land and also the value of the timber cut. The court sustained exceptions to the master's report, regarding the value of the timber cut, on the theory that the plaintiff had failed to prove the market value of the timber, at the time of the taking, by competent evidence.

The question is not entirely free from doubt, but we are inclined to hold that the District Judge correctly ruled. However it is clear that the timber was converted, and there is evidence in the record tending to show that the plaintiff was damaged as found by the master, though not technically proving market value. In this contingency equity would require that the parties be afforded an opportunity of supplying the omission, and to that end the decree is reversed and the case is remanded to the District Court, with instructions to recommit to the master the matter of damages, permitting all parties to introduce proof to show the market value of the timber at the time it was taken, and thereafter take such other proceedings as may be necessary to do full equity between the parties.

The costs of this appeal to be paid by appellant.